UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JAMES BOCHY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: |
| | ) | |
| HUSKY HOGS LLC | ) | |
| | ) | |
| Defendant. | ) | |

# COMPLAINT

Plaintiff complains against Defendant as follows:

## I.     THE PARTIES

1. Plaintiff is a citizen of the United States and resident of Kansas.

2. Defendant HUSKY HOGS LLC (hereinafter referred to as "HUSKY") is, and was at all times relevant herein, a business duly registered to do business within the State of Kansas and was an employer of Plaintiff at all times relevant herein.

## II.    JURISDICTION AND VENUE

3. The jurisdiction of the federal court is invoked because the claims of Plaintiff arise under the statutes and laws of the United States, namely the Americans with Disabilities Act ("ADA") at 42 U.S.C. ch. 126 § 12101 et seq. and the Family and Medical Leave Act (FMLA) 42 U.S.C. § 12101.

4. This Court has pendent jurisdiction over Plaintiff's state law common law claims under 28 U.S.C. § 1367.

5. Venue in the United States District Court for the District of Kansas is proper because Kansas is where the claims arose, and where the Defendant operates its business.

### III. FACTUAL ALLEGATIONS

6. Husky is a confined swine feeding operation in Northwestern Kansas.

7. Plaintiff James Bochy began his employment with Husky in approximately December 2018 where he performed the duties of Finishing Site Manager.

8. On November 26, 2019, Mr. Bochy suffered a serious knee injury while working in the animal pens that caused a torn medial collateral ligament and torn meniscus that resulted in a disability that substantially limited his ability to perform several major life activities such as walking.

9. Mr. Bochy's injury was treated as a workers' compensation claim.

10. After this occurred, Mr. Bochy worked light duty for Husky.

11. However, Mr. Bochy was pushed by his supervisors to exceed his work limitations beyond what he was comfortable performing.

12. Despite his knee injury, Mr. Bochy was put in a situation where he was once again working inside the pens with live animals.

13. In the course of doing these job duties, on or about February 3, 2020, Mr. Bochy's initial injury was exacerbated when he came into physical contact with the live animals in the pen.

14. On or about the same day, February 3, 2020, Mr. Bochy was completely taken off the work schedule by Husky.

15. At no time was Mr. Bochy given notice of his rights under the Family and Medical Leave Act.

16. Mr. Bochy was released from his workers' compensation doctor to return to work on or about May 3, 2020.

17. Upon reporting to work, Mr. Bochy met with Marianne Wicker and Bill Unterseher, both managerial employees with Husky.

18. During this brief meeting, Mr. Bochy's was informed he was fired by Wicker and Unterseher.

## COUNT I
## DISCRIMINATION AND RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

19. For his cause of action against Defendant, Plaintiff realleges and incorporates the foregoing numbered paragraphs.

20. Plaintiff was an individual with a disability, a record of a disability or was regarded as disabled by Defendant.

21. Defendant Husky discriminated/retaliated against Plaintiff in that it terminated his employment because of his disability and/or failed to engage in an interactive process with him and/or otherwise failed to reasonably accommodate his disability in that Defendant fired Plaintiff on account of his disability.

22. The Americans with Disabilities Act prohibits adverse employment actions that are based on an employee's disability or perceived disability or for seeking accommodations for a disability.

23. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and, following his receipt of a right to sue letter, filed this action within 90 days.

24. Plaintiff has exhausted all administrative prerequisites for filing this action.

25. Plaintiff has suffered emotional distress, lost wages, and economic losses from Defendant's discrimination and retaliation.

26. Defendant's discrimination and retaliation was intentional and in reckless disregard of Plaintiff's rights.

27. Plaintiff is entitled to damages for Defendant's discrimination and retaliation, including but not limited to, emotional distress damages, lost wages and benefits, punitive damages and a reasonable attorney's fee.

WHEREFORE, Plaintiff prays for judgment against Defendant in an amount in excess of $100,000, plus economic, compensatory and punitive damages, reasonable attorney's fees, plus prejudgment and post judgment interest at the maximum rate allowed by law, and for such other and further relief as the Court deems just and equitable.

## COUNT II
## VIOLATION OF THE FMLA – INTERFERENCE AND RETALIATION

28. Plaintiff hereby incorporates the foregoing paragraphs by reference.

29. Defendant's business was covered under the FMLA.

30. Plaintiff was an individual who was eligible to receive FMLA.

31. Defendant's employees were eligible to take FMLA leave provided they met the statutory requirements for minimum term and hours of employment and needed to care for their own serious health condition.

32. Plaintiff suffered from a serious health condition that permitted, under his physician's direction and guidance, time off from work.

33. Defendant, though on notice of Plaintiff's need for leave protected under the FMLA, (which notice was given on at least two occasions during his employment with respect to Plaintiff's knee problems), interfered with Plaintiff's rights by failing to process his leave request under the FMLA, refusing to give him statutory individual notice of his rights, and other notices, and ultimately, fired Plaintiff rather than return him to work in his former position.

34. Plaintiff was damaged by Defendant's acts because he could not intelligently exercise his FMLA rights or protect his rights under the FMLA.

35. Plaintiff exercised rights under the FMLA by giving notice to Defendant that he suffered from a serious health condition that required leave from work.

36. Upon information and belief, Defendant retaliated against Plaintiff for the exercise of his statutory FMLA rights by terminating his employment.

5

37. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained and will continue in the future to sustain damages in the form of lost income.

38. Defendant knew that Plaintiff was entitled to FMLA leave, but acted willfully in both inhibiting him from receiving full benefits and notice of his FMLA rights and otherwise retaliating against him for exercising his FMLA rights.

39. Plaintiff is entitled to economic damages, liquidated damages, pre and post-judgment interest, attorneys' fees and any other relief the Court deems just and equitable.

## COUNT III
## WRONGFUL TERMINATION IN
## VIOLATION OF KANSAS PUBLIC POLICY

40. For his cause of action against Defendant, Plaintiff realleges and incorporates the foregoing numbered paragraphs.

41. Plaintiff sought and utilized the benefits of Kansas's Workers' Compensation law due to a disabling knee injury Plaintiff suffered while working on the job for Defendant.

42. Defendant retaliated against Plaintiff in that it terminated his employment because of his workers' compensation claim.

43. Plaintiff has suffered emotional distress, lost wages, and economic losses from Defendant's retaliation.

44. Defendant's retaliation was intentional and in reckless disregard of Plaintiff's rights.

6

45. Plaintiff is entitled to damages for Defendant's discrimination and retaliation, including but not limited to, emotional distress damages, lost wages and benefits, punitive damages and a reasonable attorney's fee.

WHEREFORE, Plaintiff prays for judgment against Defendant for actual, compensatory and punitive damages, all costs, expenses and attorneys' fees incurred herein, for appropriate equitable relief, for interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

## V. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for the foregoing causes of action.

## VI. DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby requests that the trial be held at Kansas City, Kansas.

Respectfully submitted:

**REAVEY LAW LAW**

By: /s/ Kevin Koc        .
Patrick G. Reavey, KS# 17291
Kevin Koc KS# 24953
Livestock Exchange Building
1600 Genessee, Suite 303
Kansas City, MO 64102
Ph: 816.474.6300
Fax: 816.474.6302
Email: preavey@reaveylaw.com
Email: kkoc@reaveylaw.com
Website: www.reaveylaw.com
**ATTORNEYS FOR PLAINTIFF**